**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALGERRIK R. CHENIER, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-13-00183 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is defendant Bank of America, N.A.'s (the "defendant") motion for judgment on the pleadings. Dkt. 11. Plaintiff Algerrik R. Chenier ("Chenier") has not responded, and the motion will be treated as unopposed. S.D. TEX. LOC. R. 7.4. Having reviewed the motion and the applicable law, the court finds that the motion should be **GRANTED**.

Chenier alleges that after losing his job he fell behind on his mortgage payments and sought a loan modification from defendant. Dkt. 1, Ex. A-2 (Chenier's original petition) at 3. Defendant, however, denied his request and initiated foreclosure proceedings. *Id.* Chenier received an eviction citation on October 10, 2012, and he was told later that month that his home had been sold. *Id.* Chenier alleges that although he made several attempts to resolve the situation, defendant misled him about the status of the foreclosure. *Id.* at 4. He asks that the sale be declared a wrongful foreclosure and rescinded through declaratory, injunctive, and equitable relief. *Id.* at 4–5.

Defendant moves for judgment on the pleadings under Rule 12(c) on grounds that (1) Chenier failed to tender the debt and is not entitled to equitable relief; and (2) Chenier's failure to allege a substantive claim precludes declaratory and injunctive relief. Dkt. 11 (motion to dismiss) at 4–7.

While Chenier has not pled a specific cause of action, it appears that he is seeking to rescind the foreclosure under theories of wrongful foreclosure and fraud. Chenier has not pled, however, specific wrongful conduct or misrepresentations that are actionable under either theory. He has also

failed to allege that he tendered the debt as mandated by Texas law. *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("[A] necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note."). Accordingly, Chenier's claims for equitable relief must be denied without supporting allegations that he tendered the debt due. "[I]t is well-settled that a party seeking an equitable remedy must do equity and come to court with clean hands." *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, *6 (S.D. Tex. Jan. 24, 2013) (internal quotation marks omitted). Chenier has not done so.

Second, the court agrees with the defendants that Chenier has not properly pled any substantive causes of action. Declaratory and injunctive relief are remedial and depend on underlying substantive claims to have effect. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3d (5th Cir. 1996) (holding that the Texas Uniform Declaratory Judgments Act "does not create any substantive rights or causes of action"); *see Barcenas*, 2013 WL 286250 at *9 (explaining that a prayer for injunctive relief must be dismissed in the absence of a cause of action supporting entry of a judgment). Chenier's claims for injunctive and declaratory relief must be dismissed.

Defendant's motion (Dkt. 11) is **GRANTED**. Chenier's original petition is **DISMISSED WITHOUT PREJUDICE** with leave to replead. This case will be administratively closed, but if Chenier believes he can pled sufficient facts supporting plausible substantive claims, Chenier may file a motion to reopen and for leave to file an amended complaint no later than May 10, 2013.

Signed at Houston, Texas on April 30, 2013.

_____
Gray H. Miller
United States District Judge